## THE STATE OF IOWA v. EMEIGH.

1. **Indictment :** ALLEGATION OF NAME. Under our statute, an allegation as to the name of the person injured is not material in an indictment, if the offense is, in other respects, described with sufficient certainty to identify the act. An error in a name, or other similar error, which does not tend to prejudice the substantial rights of the defendant, will not be fatal to an indictment.

2. **Evidence :** CRIMINAL LAW. The subsequent declarations of the party injured are not admissible as evidence for the defendant on the trial of

an indictment for an assault with intent to commit a rape. If offered for the purpose of contradicting the prosecuting witness, the proper foundation must be laid by first calling her attention to the alleged declarations.

*Appeal from Des Moines District Court.*

THURSDAY, DECEMBER 22.

THE defendant was'charged in the indictment with a felony; was convicted, and appeals.

*C. C. Nourse*, Attorney-General, for the State.

*C. Ben Darwin* for the defendant.

DILLON, J. — The real name of the person injured was *Mary* Eliza Disque. The defendant contended that the word Mary, as it occurred in the indictment, was written *May*, the "*r*" being omitted; and that this was a fatal variance. The State's attorney denied that it was thus written. On this point the District Judge's opinion was against the defendant. The original indictment has been certified to us; and the word is so slovenly written, that looking to it, and it alone, it would not be difficult to read it either way. The defendant moved to exclude all evidence relating to the offense charged having been committed upon *Mary* Eliza Disque, which the court refused to do. The defendant offered the evidence of experts in chirography to show that the word, as written, was May, and not Mary, which the court rejected. The court also refused to charge the jury that they must find the identity of the person injured "in a person bearing the *very* name used in the indictment, or a name of the same sound;" that they must "look at the word as written, not as they might think it was meant to be written;" that if they find it to be "May" and not "*Mary*," they cannot convict of a crime committed on the

1. INDICT-
MENT : al-
legation of
name.

latter; that they' could not look at, or consider, anything upon this point but the bare word as it was written, &c., &c. The same general idea was repeated in numerous instructions, all of which were refused, and the defendant duly excepted. This refusal he now assigns as error. A complete answer to this objection may be found in chapter. 199 of the Revision. Thus, section 4656 expressly provides that "an erroneous allegation as to the name of the *person injured* is not material if the offense is described in other respects with sufficient certainty to identify the act." This salutary provision abolishes the rigid rule of the common law requiring exact and almost *literal* proof of the name of the party injured as laid in the indictment. Neither the very name used in the indictment, nor a name having the same sound, need *necessarily* be proved. If, as was undoubtedly the case in this instance, the offense is described with sufficient certainty to identify the act, a mistaken allegation in the name of the person injured, such as May for Mary, will not be a fatal variance, nor will any other similar error (Rev., § 4660, cl. 5) "which does not tend to the prejudice of the substantial rights of the defendant upon the merits." In construing and applying these provisions of the law, it will be seen that we are not unmindful that it is our duty to do so, borrowing the language of the Revisors, "in the spirit in which they were wrought out, and so as to advance the objects sought to be attained."

II. The indictment was framed upon § 4214 of the Revision. On the trial the defendant's counsel asked a witness, "Did Mary Eliza Disque, on the Sunday succeeding the Friday of the offense, make to you any declaration as to whether the defendant did or did not commit the offense charged"?

2. EVI-
DENCE:
criminal
law.

The State objected, objection sustained, and defendant excepted. The court ruled correctly. The *subsequent*

declarations of the person injured are not admissible, either for or against the defendant as independent evidence. To have authorized the reception of the offered testimony, the proper basis should have been laid when the person injured was examined as a witness. If she had admitted in her testimony the making of the alleged declarations, this would have been all that the defendant could desire. If she had denied making them, and they were material, she could then have been contradicted.

In other words, such evidence as that which was offered was available to the defendant only as impeaching testimony; and because the requisite foundation had not been laid for its introduction on this ground and for this purpose, it was correctly overruled.

We perceive nothing further in the record requiring distinct notice, and the judgment below must be

Affirmed.