THE STATE v. WHITE.

| 32   17|<br>| 85   368|

Criminal law: MISNOMER IN INDICTMENT. The objection that the defendant is wrongly named in the indictment cannot be made for the first time after arraignment and trial. Failing to make the objection then, or to declare his true name, he thereby waives his right to subsequently interpose this objection.

*Appeal from Bremer District Court.*

THURSDAY, JUNE ·24.

INDICTMENT for an assault with intent to inflict a great bodily injury. The indictment was against two persons, E. B. White and Elisha White; and upon a trial to a jury, the defendant, E. B. White, was acquitted, and the defend ant, Elisha White, was found guilty of an assault and battery. After verdict, the defendant, Elisha White, moved in arrest of judgment, on the ground that the indictment did not charge any acts done by Elisha White constituting any offense; that the acts were charged as done by Elmer White, etc. This motion was sustained, and therefrom the State appeals.

The State v. White.

*H. O'Connor*, Att'y Gen'l, and *I. W. Card*, district attorney, for the State.

*John E. Burke* for the appellee.

COLE, J. — It appears that three persons, E. B. White, Elisha White and Elmer White, were complained of as being guilty of the offense charged in the indictment. The grand jury did not find sufficient evidence against Elmer White, and he was discharged; but they returned the following indictment against E. B. White and Elisha White, to-wit: *The State of Iowa* v. *E. B. White* and *Elisha White.*— The grand jury of the county of Bremer, in the name and by the authority of the State of Iowa, accuse E. B. White and Elisha White of the crime of assaulting another with intent to inflict a great bodily injury, as follows: The said E. B. White and Elmer White, on the 21st day of May, in the year of our Lord one thousand eight hundred and seventy, in the county aforesaid, willfully, etc., in and upon one William Kreuser, did make an unlawful assault, etc., and did then and there, etc., beat, etc., with intent, etc., contrary to the statute in such case made and provided," etc., properly signed, etc.

The defendants appeared for arraignment, etc., and, " being interrogated as to their true names, answer that they are indicted by their right names." Upon the trial each defendant was sworn and testified as a witness in behalf of his co-defendant  The case was argued to the jury by counsel, and the jury, being instructed by the court, returned a verdict as above stated, all of which was done without objection by Elisha White that he was wrongly named in said indictment, and without objection that he was not the person in said indictment charged. The first objection in this respect is made after verdict, by a motion in arrest of judgment, which motion was sustained by the court.

In our opinion the court erred in sustaining the motion. Our statute enacts that, upon arraignment, the accused, if the name by which he is indicted is not his true name, must then declare what his true name is, or be proceeded against by the name in the indictment. Rev., § 4686. In this case he did answer that he was indicted by his right name. If he was indicted by his right name he cannot now object that the indictment is not against him. The very purpose of the statute was to do away with every technicality in respect to the name, having regard only to the identity of the accused with the party who committed the offense charged. This purpose and object of the statute is further manifested by section 4687 (2930): "If he give no other name or give his true name, he is thereafter precluded from objecting to the indictment upon the ground of being therein *improperly* named." If he was "improperly" therein named, both as "Elisha" and "Elmer," he should have corrected the error upon his arraignment; not having done so then, he was precluded from objecting on that ground by a motion in arrest.

Again, our statute expressly enacts that the trial, judgment or other proceedings upon an indictment shall not be affected by any matter "which does not tend to the prejudice of the substantial rights of the defendants upon the merits." § 4660; see, also, *The State* v. *Emeigh*, 18 Iowa, 122. In view of these provisions of our statute, and the further one requiring penal and all statutes to be liberally construed, with a view to promote their objects (Rev., §§ 5111 and 5112), we are clearly of the opinion that the motion should have been overruled.