The State v. Winstrand.

---

THE STATE v. WINSTRAND.

1. **Criminal law:** INDICTMENT: MISNOMER: ARRAIGNMENT. If a defendant is arraigned and fails to give his right name, or waives arraignment, he cannot afterward object that he is not indicted by his right name.

2. —— If the record is silent as to the arraignment, it will be presumed that the defendant was properly arraigned and failed to give his true name, or that he waived the arraignment.

3. —— An indictment in the form prescribed by the Revision (§ 4651) is sufficient as to the allegation of venue.

4. —— PUNISHMENT: PROHIBITORY LIQUOR LAW. Chapter 69, Laws of 1870, authorizing imprisonment in county jails, applies to convictions for violations of the prohibitory liquor law, and the same are governed thereby instead of by sections 4412, 4881 of the Revision

*Appeal from Wapello District Court.*

FRIDAY, SEPTEMBER 19.

ON the 31st day of January, 1872, the grand jury of Wapello county presented to the district court of said county an indictment, the portion whereof material to an understanding of the question involved is as follows:

| The State of Iowa vs. Winstrand. | *District Court of the County of Wapello.* |

" Indictment for the crime of nuisance. The grand jury in the county of Wapello, in the name and by the authority of the State of Iowa, accuse John Salooney of the crime of nuisance, committed as follows: The said John Salooney, on the 1st day of October, A. D. 1871, in the county aforesaid, did keep," etc.

At the September term of said court the defendant appeared, and demurred to the indictment as follows:

" First. Because said indictment states matters in avoidance and bar to a prosecution against him in this: It shows that one John Salooney kept said place, and sold said intoxicating liquors, and not the defendant herein."

" Second. Because it is not averred in said indictment that the alleged offense was so committed in the State of Iowa."

The court overruled this demurrer, and, the defendant refusing to further plead, rendered a judgment against him for $100 fine, and that he be imprisoned to hard labor in the jail of Wapello county, until the fine and costs are paid at the rate of one dollar and fifty cents per day.

Defendant appeals.

*John B. Ennis* for the appellant.

. *M. H. Jones*, district attorney, and *M. E. Cutts*, attorney-general, for the State.

DAY, J. — I. Section 4680 of the Revision provides that as soon as practicable after an indictment is found the defendant must be arraigned thereon, unless he waive the same. The arraignment consists in reading the indictment to the defendant, and informing him that if the name by which he is indicted is

1. CRIMINAL LAW: indictment: misnomer: arraignment.

not his true name, he must declare what his true name is, or be proceeded against by the name in the indictment, and asking him what he answers to the indictment. Rev., § 4686. If he give no other name, or give his true name, he is thereafter precluded from objecting to the indictment upon the ground of being therein improperly named. Rev., § 4687. It is quite apparent that if the defendant was arraigned, and did not give his true name, he cannot now object that he is not properly named. But as the record is silent as to the arraignment, and every presumption is in favor of the regularity of the proceedings below, it must be presumed that he was arraigned, and failed to give his true name, or that he waived the arraignment.

In fact, the appearing and pleading voluntarily to an indictment constitutes of itself, it seems to us, a waiver of arraignment. The arraignment is for the benefit of the defendant. This is implied in the provision that he may waive it. If it was for the benefit of the State it could not be waived by the defendant. We have seen that the defendant cannot object to the misnomer if he was arraigned. Can he do so if he waived arraignment? By his waiver of arraignment he must be in precisely the same position as though he had been arraigned, and had answered that he was indicted by his right name. Otherwise he may waive arraignment, and after such waiver be in better condition than if he had been arraigned.

In other words, he may forego a provision which is for his benefit; and by that mere fact be placed in a better position than if he had availed himself of it. This cannot be consistently with the position that the thing waived is beneficial.

In fact this case is not at all in principle distinguishable from *The State* v. *White*, 32 Iowa, 17. In that case the question of misnomer was presented for the first time in a motion in arrest of judgment, whilst here it is raised by demurrer.

But a motion in arrest of judgment must be granted upon any ground which would have been cause of demurrer. Rev., § 4856. So that, if the misnomer in that case was not a good ground for sustaining the motion in arrest of judgment, it

would not have been ground for demurrer. And if the indictment in that case was not vulnerable to a demurrer, the one in this case is not.

II. It is claimed that the indictment does not charge that the offense was committed in the State of Iowa.

A comparison of the indictment in question with section 4651 of the Revision shows it to be exactly like the form there prescribed. This should be enough to establish its sufficiency without further inquiry.

III. It is further urged that the court erred in rendering judgment requiring defendant to labor at $1.50 per day.

1. It is claimed that chapter 69, Laws 1870, authorizes imprisonment in a county jail at hard labor only in the case of an able-bodied male over the age of sixteen years, and not over the age of fifty years, and that all these facts must be affirmatively shown upon the record, in order to justify the judgment of the court. A satisfactory answer to this position is that the court which imposed this judgment is a court of general jurisdiction, and this jurisdiction had attached both to the person of defendant and the subject-matter of the action. It is therefore presumed that every fact, necessary to the judgment of the court, was made properly to appear. Error must be affirmatively shown by the defendant, and if it was not made to appear that he was an able-bodied male between the ages of sixteen and fifty, it is the business of the defendant to make that fact appear to this court.

*4. —— punishment: liquor law.*

2. It is further claimed that chapter 69 of the laws of 1870 does not apply to convictions for keeping nuisances under the prohibitory liquor law. In support of this position, appellant cites sections 5110, 1564 and 4412 of the Revision. Section 5110 of the Revision provides, amongst other things, that the existing laws respecting intoxicating liquors, their sale and manufacture, shall govern the respective subjects to which they relate, except where it is otherwise provided in this Code. Section 1564 of the Revision declares that the sale of liquor in a certain manner shall constitute a nuisance, and the defend-

ant shall be punished accordingly in the manner provided by law. Sections 4412 and 4881 provide the manner of punishment, which is fine not exceeding $1,000, and imprisonment one day for every three and one-third dollars of fine. Appellant emphasizes the language, *except where it is otherwise provided in this Code*, employed in section 5110 of the Revision, and claims that the Code provides no other punishment than that prescribed in sections 4412 and 4881; and from this he urges that chapter 69, Laws 1870, is not applicable to this case. It is apparent, however, that the only purpose of section 5110, was to continue in force some provisions of the law then existing respecting certain subjects, where the Code did not provide otherwise.

It cannot be supposed that the legislature intended to prescribe that, respecting these subjects no subsequent legislature should *otherwise provide*. And whatever they intended, it is clear that they could not restrain subsequent legislatures from dealing with these subjects as to them might seem proper. We have no doubt that chapter 69, Laws 1870, is applicable to the case under consideration.

The record discloses no error, and the judgment is

Affirmed.