STATE v. LILLARD.

1. **Indictment:** LARCENY. An indictment for larceny was as follows: "The grand jury of the county of Decatur, in the name, and by the authority of the State of Iowa, accuse the defendant, D. P. Lillard, of the crime of larceny, committed as follows: The said defendant, D. P. Lillard, on the ninth day of September, 1879, in the county aforesaid, one mare," etc.—*held* good as against the objection that it did not charge that any crime was committed in the State of Iowa.
2. **Larceny:** EVIDENCE CONSIDERED. Upon consideration of the evidence in this case, it was *held* sufficient to support the verdict of guilty.
3. ———: VENUE. In an indictment for larceny the venue may be laid in any county in which the thief was possessed of the stolen goods.

*Appeal from Decatur Circuit Court.*

TUESDAY, OCTOBER, 17.

THE defendant was convicted of the larceny of a mare and sentenced to the penitentiary for one year. He appeals.

*Harvey & Young,* for appellant.

*Smith McPherson, Attorney-general,* for the State.

DAY, J.—I. It is urged that the indictment does not charge that any crime was committed in the State of Iowa. The indictment is in the following form: "The Grand Jury of .the county of Decatur, in the name, and by the authority of the State of Iowa, accuse the defendant, D. P. Lillard of the crime of larceny committed as follows: The said defendant, D. P. Lillard, on the 9th day of September, 1879, in the county aforesaid one mare," etc. This indictment is exactly in the language of section 4297 of the Code, with the exception that the word *aforesaid* is used instead of the words *as aforesaid.* It is urged by appellant that this variance is material, and that because of it there is no statement that Decatur county is in the State of Iowa. In our opinion this position is not tenable. That this indictment

would have been good, under section 4651 of the Revision, see *State v. Winstrand*, 37 Iowa, 110. There is no material difference between section 4651 of the Revision and 4297 of the Code of 1873.

II. It is claimed that the evidence does not support the verdict. The animal in question was owned by one D. M.

2. LARCENY: evidence considered. Chase. The evidence clearly shows that she was stolen. She was running on the range, and was last seen by the owner near the line between Clarke and Decatur counties, on the 4th day of September, 1879. The owner missed her on the 9th day of September. Before noon on the 5th day of September, the defendant came to the livery stable of J. L. Brown, in Osceola, Clarke county, riding a horse and leading the mare in question. He fed the horses at Brown's stable, and about four o'clock of the same day he proposed to trade the mare to Brown, and told him he had worked her once. Brown traded for the mare. About the 28th of September, the defendant came back and traded for the mare and took her away. The defendant resided about two miles from Chase and knew the mare. On the 9th day of September, when Chase missed the mare, the defendant told him that he had seen the mare but twice, but would know her, and that he knew nothing about her. The defendant said he would help hunt the mare. In about a month Chase learned that the mare was at Gardener's, in Clarke county, and went to the defendant and described the mare to him. He then said the mare was at Gardener's, and took his team and went with Chase to Gardener's and showed him the mare. On the way up to Gardener's the defendant said he had had the mare and that he came honestly by her: that he had bought the mare from a man that stopped at Daniel's place to water, who said he was going to Garden Grove to sell her. These circumstances fully sustain the verdict.

The defendant knew the mare. He had her in his possession and traded her off the day after she was stolen, saying he had worked her. A few days after, he denied knowing any-

thing about her, and afterward admitted that he had had her in his possession and claimed that he bought her of a stranger. No explanation of these circumstances is offered. They point to the defendant as the guilty party, and in the absence of explanation warrant his conviction.

III. The point mainly relied upon is, that there is no proof that the larceny was committed in Decatur county. The mare, when last seen before the larceny, was on the prarie, in Clarke county, about three fourths of a mile from the Decatur county line. The evidence shows that the defendant lived in Decatur county, and that he admitted that he had had the mare there at his place. In an indictment for larceny the venue may be laid in any county in which the thief was possessed of the stolen goods. 1 Wharton Criminal Law, § 284; 2 Id., § 1815.

The record discloses no error.

AFFIRMED.