The State v. Crawford.

## THE STATE v. CRAWFORD.

1. **Criminal Law**: INDICTMENT: MISNOMER: VARIANCE. The indictment in this case charged defendant with assaulting with intent to kill Jesse *Cameron*, but the evidence showed that the name of the person assaulted was Jesse *Cannon*. *Held* that, in the absence of any showing of prejudice to defendant, the variance was immaterial, under Code, § 4302, as construed by cases cited in opinion.

2. ——: ——: IMMATERIAL MISTAKE. Although in such case the indictment in one place charged that the assault was made with intent to kill the *defendant*, yet, since the meaning of the indictment is certain, and there is sufficient other matter alleged to charge the offense, the error was properly disregarded, under § 4306 of the Code.

3. ——: SELF-DEFENSE: INSTRUCTIONS. Instructions to the effect that one may do violence to the person of another, or even take the life of another, when it is absolutely necessary, or reasonably seems to be absolutely necessary to do so, for the preservation of his own life, or the protection of his own person; and that defendant was excusable if he acted as an ordinarily cautious and courageous man would have done under the same circumstances, *held* not objectionable on account of the use of the words " absolutely " and " courageous."

4. **Evidence**: RULINGS ON: VERDICT. Sundry rulings upon the admission of evidence approved, and evidence *held* sufficient to support verdict.

*Appeal from Cass District Court.*

FRIDAY, JUNE 5.

THE defendant was indicted for the crime of an assault with intent to commit murder. He was tried, and convicted of an assault with intent to commit manslaughter, and he appeals.

*A. S. Churchill*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ROTHROCK, J.—I. The charging part of the indictment is as follows: " The said William Crawford, on the twenty-

The State v. Crawford.

<div style="margin-left:3em">1. CRIMINAL law: indict-ment: mis-nomer: vari-ance.</div>

seventh day of November, 1881, in the county aforesaid, did then and there, with a deadly weapon, to-wit, a revolver, then and there loaded and charged with powder and ball, and then and there held in the hands of the said defendant, willfully, unlawfully, feloniously, with malice aforethought, and with specific intent to kill and murder one Jesse *Cameron*, then and there being, in and upon the said Jesse *Cameron*, make a felonious assault, by then and there attempting to shoot and *kill the said defendant*, with the said revolver, and did then and there shoot off and discharge the contents of said revolver at, towards and against the said Jesse *Cameron*, with unlawful and felonious intent then and there to kill and murder the said Jesse *Cameron*." The evidence showed that the name of the party upon whom the assault was made was Jesse *Cannon*, and that his full name was *Jesse Walker Cannon*. The defendant moved in arrest of judgment upon the ground of the misnomer in the indictment.

It is provided in section 4302 of the Code that " when an offense involves the commission of or an attempt to commit an injury to the person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the name of the person injured, or attempted to be injured, is not material." This provision of the statute would of itself seem to be sufficient to authorize the overruling of the motion in arrest of judgment upon this ground. There is no showing that the defendant was in any way misled by the misnomer. On the contrary, the record shows quite conclusively that the defendant was not in any way prejudiced by this mistake in the indictment. The facts are that he shot at Jesse Cannon with a revolver, and wounded him in the arm and back, was arrested, confined in jail, and had a preliminary examination; and it does not appear that he shot any other person at or about the time charged in the indictment. That such a variance is imma-

terial under our statute, see *State v. Emeigh*, 18 Iowa, 122; *State v. Flynn*, 42 Id., 164; *State v. Carr*, 43 Id., 418.

II.   Another ground of the motion in arrest was that the indictment charged the defendant with making an assault and attempting to shoot and kill "*the said defend-ant.*" Perhaps, under the strictness of the common law, this objection might be held to be fatal to the indictment, but under our Code of Criminal Procedure courts are not required to determine the rights of parties charged, upon mere technicalities. We are required to ignore any defect or imperfection in an indictment "which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Code, § 4306. A mere casual reading of this indictment shows that this merely clerical error does not affect the charge, and that there is sufficient matter alleged to indicate clearly the offense charged.

2. ——: ——:
immaterial
mistake.

III.   It appears from the evidence that for some time before the commission of the alleged offense there had been ill-feeling between the defendant and Cannon. There was evidence to the effect that Cannon had made threats to injure the defendant. The defendant claimed upon the trial that in shooting Cannon he acted in self-defense. A number of objections were made to the rulings of the court in excluding certain evidence. It is claimed that the court erred in making these rulings. We have carefully examined these objections, and our conclusion is that they are not well taken. The rulings are plainly correct, either upon the ground that the evidence sought to be elicited was not cross-examination, or because it was immaterial.

IV.   Counsel for defendant make objection to the following clause in one of the instructions given by the court to the jury, to-wit: "One may lawfully do violence to the person of another, or even take the life of another, when it is absolutely necessary, or reasonably seems to be absolutely necessary to do so, for the pres-

3. ——: self-
defense : in-
structions.

ervation of his own life, or the protection of his own person from great injury." The use of the word "absolutely" in connection with the apprehended danger is objected to, as going beyond the rule which excuses homicide when the slayer, without fault, reasonably apprehends death or great bodily harm. We do not think the instruction is objectionable in this respect. Its purport merely is that the danger must appear to the defendant to be actual, and absolutely require him to defend himself. Another objection is made because the court in other parts of the instructions directed the jury that the defendant was excusable if he acted as an ordinarily *cautious* and *courageous* man would have done under the same circumstances; and, again, he was excusable if he did nothing more than a reasonably prudent and *courageous* man would have done under the same circumstances. It is claimed that the use of the word "courageous" was erroneous, because the defendant "was only required to act upon the quantity of heroism possessed by the average man." This is just what the instructions complained of required of him. They require that it should appear that the defendant acted with reasonable caution and with reasonable courage.

V. Lastly, it is claimed that the verdict is contrary to the evidence. We have examined the abstract carefully, and conclude that there can be no reversal of the judgment on this ground. We think it fairly appears that the defendant used a deadly weapon without any real or apparent excuse therefor, and we think it ought to be a matter of congratulation to him that his act was not attended with a fatal result.

AFFIRMED.