GEORGE VON HALLER v. STATE OF NEBRASKA.

FILED MARCH 22, 1906. No. 14,496.

1. Instructions: RECORD. Where the evidence has not been preserved by a bill of exceptions, the presumption is that instructions to the jury which refer to the testimony are based upon and supported by the evidence in the case.

2. Instructions set forth in the opinion examined, and *held* not erroneous.

ERROR to the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*A. W. Jefferis* and *Hamer & Hamer,* for plaintiff in error.

*Norris Brown, Attorney General,* and *W. T. Thompson,* contra.

LETTON, J.

The plaintiff in error was found guilty of murder in the second degree upon an information charging murder in the first degree. No bill of exceptions was preserved. In his petition in error and brief he argues that the court erred in giving the thirteenth, fourteenth and a part of the twentieth instruction to the jury, and in the refusal of the 13th instruction requested by him.

1. Instruction numbered 13 is as follows: "If you are satisfied from the evidence in this case, or if the evidence raises in your mind a reasonable doubt that, while the defendant was in the pursuit of his lawful business, the deceased Maurice D. Rees made an unlawful attack upon the defendant, and opened fire upon the defendant with a revolver which the deceased then held in his hand, and if from the nature of the attack a reasonable person, a person of ordinary courage, judgment and observation, in the position of the defendant, and knowing what he knew, and seeing what he saw, would have been justified in believing that there was a design on the part of the deceased to take the life of the defendant, or to do him great bodily harm, then, under such circumstances, the defendant would have been justified in believing himself in danger of his life, or of suffering great bodily injury, and would have had the legal right to kill his assailant, and if, under such circumstances, the defendant shot and killed the said Maurice D. Rees, such killing, under such circumstances, would be justifiable on the ground of self-defense, and you should acquit the defendant." The defendant urges that by this instruction the jury were required to do an impossible thing. They were first to be satisfied from the

evidence that, while the defendant was in the pursuit of his lawful business, the deceased made an unlawful attack upon him, etc., and they are also told that, if the evidence raises in their minds a reasonable doubt as to these facts, they will acquit, and that the instruction therefore directs the jury to perform the impossible. We think this criticism is unwarranted, and that the instruction means that, if the jury are satisfied from the evidence as to the truth of the facts narrated, then they should acquit the defendant, or that, if the evidence only raises a reasonable doubt as to whether the defendant killed the deceased under such circumstances, they should acquit the defendant. The use of the following language is also criticised: "If from the nature of the attack a person of ordinary courage, judgment and observation, in the position of the defendant," and it is said that it is prejudicial to the defendant, because it requires the defendant, when unlawfully attacked, to use ordinary courage instead of ordinary prudence. We do not think that this instruction is erroneous in this regard. While the expression "a person of ordinary prudence" is often used in this connection, the use of the expression "a reasonable person of ordinary courage, judgment and observation" describes merely an ordinary man, and is only another form of words conveying substantially the same idea, which is that the defendant was only held to the exercise of the same degree of reason, bravery, judgment and discretion as that of the average individual. *State v. Crawford,* 66 Ia. 318.

2. The fourteenth instruction is, in substance, to the effect that, if the jury believe beyond a reasonable doubt that the defendant was the first aggressor, and if a person in the position of deceased would have been justified in believing there was a design on the part of the defendant to take his life, and in believing himself in danger of his life, and that, under such circumstances, the deceased shot at the defendant, such shooting, under such circumstances, would be no justification for the defendant to return the fire and kill the deceased, on the ground that

it was done in self-defense. Since the evidence is not before us, we are unable to tell whether or not this instruction was based thereupon; but, since nothing appears to the contrary, we must presume that the circumstances in evidence justified its giving, and we cannot say that as an abstract proposition of law it is erroneous. If the evidence showed that the defendant was the aggressor to such an extent that the deceased was justified in shooting at him under the apparent necessity of preserving his own life, such shooting alone would be no justification for the killing of the deceased.

3. The twentieth instruction is also assailed as being an invasion of the province of the jury. This instruction is as follows: "It is your duty carefully to scrutinize and dispassionately weigh the testimony of all the witnesses, giving to the several parts of the evidence such weight as, in your judgment, they should receive. Weight of evidence depends upon the credibility of witnesses, their accuracy of observing and remembering, their interest, bias, or prejudice, if any, and their means of knowing the matters concerning which they testify. You are the sole judges of the credibility of the witnesses. You are not bound to accept as true any statement, simply because it is sworn to by the greater number of witnesses, nor are you bound to accept the testimony of any of the witnesses as absolutely true, if, for any good reason, it appears unreliable or untrue. Yet, you have no right to reject the testimony of any of the witnesses without good reason, and should not do so until you find it irreconcilable with other testimony which you find to be true." The last sentence is the one to which exception is taken and which is claimed to be erroneous. That part of the instruction objected to is not free from ground for criticism, but, in the absence of the testimony, we cannot discern in what manner the defendant was prejudiced thereby.

4. Complaint is made because instruction numbered 13, requested by the defendant, was refused. This instruction refers to something that apparently had been said in

the argument of counsel, and, since the argument has not been preserved, we cannot presume that it was unwarranted. The presumption is that it was properly refused, and, in the absence of a showing to the contrary, we must so hold. The judgment of the district court is

AFFIRMED.