THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. ALBIN FULDA, APPELLANT.

*Duty, under section 356 of the Penal Code, of a physician to procure a license — what is not such license or diploma under that section.*

Upon the trial of the defendant upon an indictment charging him with practicing medicine without a license authorizing him to practice from some chartered school, State board of medical examiners or medical society, as was required by section 356 of the Penal Code, the evidence showed that he had been practicing medicine in the city of New York since 1858; that he was naturalized in 1868; that he had received a medical education at the universities of Halle and Jena, but that he had never received a full diploma, such as was given by the universities to their graduates upon the completion of their course of study; that he had also passed an examination for a commission as a medical officer in the New York volunteers, and received a commission, after such examination, as assistant surgeon in one of the regiments of the New York infantry.

*Held,* that the court did not err in charging the jury, that if the defendant practiced medicine at the time and place, and in the manner set forth in the first count of the indictment, they should convict the defendant unless they were satisfied that at the time he had a license authorizing him to practice from some chartered school, State board of medical examiners or medical society.

The court further charged that if the practice were proved, the burden was thrown upon the defendant to prove that he had a license or diploma from such school, State board of medical examiners or medical society.

*Held,* that the charge was correct.

HUN — VOL. LII    9

That the evidence introduced did not disclose any such license or diploma as was required by the statute, and that the fact that before the enactment of the provisions of chapter 436 of 1874, which formed the basis of section 356 of the Penal Code, the defendant had been practicing medicine, did not affect the application of the statute or relieve him from the duty of taking out a license in order to justify his continuance in the practice.

APPEAL from a judgment of the Court of General Sessions of the Peace of the county of New York, convicting the defendant of the crime of practicing medicine without a license.

*A. Suydam,* for the appellant.

*McKenzie Semple,* for the respondent.

VAN BRUNT, P. J.:

The indictment under which the defendant was tried contained three counts, the first charging the practice of medicine without the authority required by section 356 of the Penal Code; namely, without a license, authorizing him to practice, from some chartered school, State board of medical examiners, or medical society, and the remaining counts being based upon other statutes. Upon the trial, however, the district attorney, on the motion of the defendant, elected the first count as the count upon which he would ask for a conviction.

The evidence showed that he had been practicing medicine in the city of New York since 1858; that he was naturalized as a citizen in 1868; that he had received medical education at the universities of Halle and Jena, but that he had never received a full diploma, such as was given by the universities to their graduates upon the completion of their course of study. The evidence also showed that during the war he passed an examination for a commission as medical officer in the New York volunteers, and received a commission, after such examination, as assistant surgeon in one of the regiments of the New York infantry.

The learned court charged the jury that if the evidence satisfied them, beyond a reasonable doubt, that the defendant practiced medicine at the time and place and in the manner set forth in the first count in the indictment, they should convict the defendant, unless they were satisfied that, at that time, he had a license authorizing

him to practice from some chartered school, State board of medical examiners, or medical society. To this instruction the defendant duly excepted. There seems to have been no error in this charge. The provisions of section 356 made the defendant amenable to punishment did he practice medicine without the license provided for by said section.

The court further charged that if 'the practice were proved, the burden of proof was thrown upon the defendant to prove that he had a license or diploma from some chartered school, State board of medical examiners or medical society. To this instruction the defendant duly excepted. This seems to have been entirely correct. The burden was upon the defendant to prove, after the people had proved the fact of the practicing of medicine, that he was authorized to practice under the provisions of the statute.

The court further charged that none of the papers produced by the defendant was a license from a chartered school, State board of medical examiners or medical society. The evidence certainly did not disclose any such license or diploma as was required by the statute. He had no license from the medical school in Prussia. It was merely a certificate that he had passed a limited course of study. The commissions which he received as medical officer in the New York volunteers was not a license or diploma from a State board of medical examiners allowing the defendant to practice medicine generally. It was an examination for a specific purpose, and the certificate issued was simply a limited commission for the practice of medicine within a limited sphere. Neither does the fact that before the enactment of the provisions of the law of 1874 (chap. 436), which formed the basis of section 356 of the Code, the defendant had been practicing medicine, restrict the power of the statute to compel the taking out of a license in order to justify his practice. This was part of the police regulations of the State. It was thought necessary for the protection of the people that these safeguards should be thrown around them in reference to those who assumed to practice medicine in the community. The State has a right to determine upon what conditions and under what circumstances its citizens should be entitled to pursue any vocation. It is in no way interfering with any vested rights, nor is it a usurpation of authority which is not possessed. There seems to have been no

error committed in the disposition of the case, and the conviction must be affirmed.

BRADY and DANIELS, JJ., concurred.

Conviction affirmed.