ARTHUR FARRELL

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 14, 1890.*

1. CRIMINAL LAW—*deduction for good time—comment of State's attorney.* On the trial of one charged with a criminal offense, counsel for the People, in his argument to the jury, called their attention to what is generally known as the "good time" statute, and insisted that it should

be taken into consideration in fixing the term of imprisonment. To this the defendant objected, but the objection was overruled: *Held,* that the ruling was erroneous, as that statute has no application to criminal trials, but relates solely to prison government.

2. SAME—*accused omitting to testify—instruction on that subject.* On the trial of two upon a criminal charge, one of the defendants only testified in his own behalf, and the court, at the request of the prosecution, gave an instruction as to the weight to be given to such defendant's testimony. The other defendant asked an instruction, to the effect that no presumption of guilt should be indulged against him because he had not testified in his own behalf, which was refused: *Held,* that the instruction should have been given, especially after the instruction of the People directing the attention of the jury to the statute making defendants in criminal cases competent witnesses in their own behalf.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. R. A. W. JAMES, for the plaintiff in error:

Counsel for the prosecution, in the closing argument, can take no point of which notice was not given prior to the argument of the counsel for the defense. Wharton's Crim. Pl. and Pr. (8th ed.) p. 578, sec. 576.

If a State's attorney waives a first argument, and statement of law and citation of legal authorities to the jury, and in his last argument he states the statute with reference to time to be gained by a convict for good behavior, and urges the jury to take into consideration the fact that a defendant whom they convict will not probably serve out the time of imprisonment which they affix as a penalty, because of such statute, the defendant's attorney is unlawfully deprived of the privilege of commenting on the State's attorney's citation of authorities, statements as to the law, etc.

In order that no presumption of the guilt of a defendant shall arise in the minds of the jury from the fact that he fails to testify in his own behalf, he has the right to have the jury so charged. Crim. Code; Rev. Stat. chap. 38, sec. 486.

Mr. George Hunt, Attorney General, for the People:

It will be presumed that the closing speech of the State's attorney was in proper reply to the arguments of counsel for the defense.

The principal thing complained of is, that the State's attorney called the attention of the jury to the provision of the statute which enables convicts confined in the penitentiary to obtain credit of good time upon their terms of imprisonment, and urged upon the jury to take this provision into consideration in fixing the time of imprisonment. Presumably this was in response to some argument concerning the length of time, advanced by counsel for defendant.

The authorities cited by plaintiff in error do not all relate to the argument of the case, but chiefly to the statement of the facts to be given to the jury prior to the introduction of the testimony. See Wharton's Crim. Pl. and Pr. secs. 561-564; Bishop's Crim. Proc. secs. 970-972.

If new points were taken in the closing argument, then counsel for the defense had the right to specially reply thereto. Wharton's Crim. Pl. and Pr. sec. 576.

Mr. Justice Wilkin delivered the opinion of the Court:

Plaintiff in error and one James Norton were jointly indicted for the crime of robbery, alleged to have been committed on the person of Nathaniel Irwin, and put upon their trial in the Criminal Court of Cook county, October 31, 1889. They were convicted, and their terms of imprisonment in the penitentiary fixed at four years and ten months. Motions for new trial and in arrest of judgment being overruled, and the sentence pronounced on the verdict, Farrell prosecutes this writ of error.

Of the several errors assigned, and urged as grounds of reversal, it will be sufficient to notice two.

Counsel for the People, in his argument to the jury, called their attention to what is generally known as the "good time"

statute, and insisted that it should be taken into consideration in fixing the defendants' terms of imprisonment, if they were found guilty. To this, defendants' counsel interposed an objection, but it was overruled, and an exception taken. This was error. That statute has no application whatever to criminal trials. It relates purely to prison government and discipline. Whether a convict shall receive a reduction of time for good conduct during his imprisonment, is a question between him and the prison officials. To permit a jury to be in any way influenced by it in fixing a prisoner's punishment, would tend to defeat its object.

Plaintiff in error did not testify on the trial, but his co-defendant, Norton, did. An instruction was asked, on behalf of plaintiff in error, to the effect that no presumption of guilt should be indulged against him because he had not testified in his own behalf, but it was refused. Section 426, chapter 38, of the Revised Statutes, expressly provides that the neglect of a defendant on trial, charged with a crime, to testify, shall not create any presumption against him. No reason whatever is suggested for the refusal of the instruction asked. The giving of it became doubly important to the plaintiff in error by the giving of one, on behalf of the People, as to the weight to be given to Norton's testimony, by which the attention of the jury was directed to the statute making defendants in criminal trials competent to testify in their own behalf. The instruction should have been given.

For the errors indicated, the judgment of the Criminal Court will be reversed, and the cause remanded.

*Judgment reversed.*