STATE *vs.* GEORGE LANDRY.

Kennebec.    Opinion September 10, 1892.

*Witness. Evidence. Indictment. Intoxicating Liquors. R. S., c. 134, § 19.*

If a respondent in a criminal prosecution requests it, he is entitled to an instruction to the jury that, in determining their verdict, they should entirely exclude from their consideration the fact that such respondent does not elect to testify ; substantially as if the law did not allow a respondent to testify.

An averment in an indictment that liquors were illegally transported from a place in Fairfield, in Somerset county, to the house of Thomas Libby in Waterville, in Kennebec county, does not charge the commission of any offense within Kennebec county; Waterville being a border town in Kennebec county and adjoining Fairfield in Somerset county.

ON EXCEPTIONS.

The respondent was convicted by a jury of the Superior Court, for Kennebec County, of the illegal transportation of intoxicating liquors under § 2, c. 132, of the statutes of 1891, and took exceptions as appears in the opinion.

*L. T. Carleton,* County Attorney, for the State.

*G. W. Heselton,* for defendant.

PETERS, C. J.    On the trial of an indictment for illegally transporting intoxicating liquors from place to place within the State, the presiding judge was requested by the counsel for respondent to instruct the jury "that, in determining their verdict, they should entirely exclude from their consideration the fact that the defendant did not elect to testify, substantially as if the law did not allow him to be a witness." The judge declined to grant the request excepting as should appear in his charge. The only allusion to the subject in the charge was a statement at its close that the testimony of the government stood uncontradicted.

The requested instruction should have been given. It was in exact verbal accordance with the rule as laid down in *State* v. *Banks,* 78 Maine, 490. The legal proposition was relevant to the issue. It was founded on the statutory provision (R. S., c.

134, § 19) that the fact that the person accused does not testify in his own behalf shall not be taken as evidence of his guilt. The respondent was entitled to have the jury know of the existence of the statute and understand the effect of it. If not so, then a statute, expressly created for the benefit of a class of persons is wholly useless to them. The natural inclination of jurors would lead them to adopt the very presumption which the statute was designed to prevent. The refusal of the judge to give the instruction asked for in the present case must have led the jury to believe that the principle invoked by the counsel for the defense was incorrect; and that belief would naturally be intensified by the remark of the judge that the government's case was uncontradicted. This view of the law and of the duty of courts respecting it is strongly supported in many positive cases. See Whar. Cr. Ev. 8th ed. § 435, and cases in note cited by the author in support of his text.

Another objection taken in the defense goes to the validity of the indictment. The allegation is that the transportation was from the Maine Central railroad depot in Fairfield, in Somerset county, to the house of Thomas Libby in Waterville, in the county of Kennebec; and there is no other allegation or intimation of any act done in the latter county. In *State* v. *Bushey*, 84 Maine, 459, it was held that an allegation of transportation from the same depot "to Waterville in Kennebec county," was not an averment that any part of the offense was committed in that county, and that the omission could not be supplied by any intendment, inference or argument whatever. We are inclined to think that the description of the local extent of the offense in the present case is no greater than it was in that. The city of Waterville and the county of Kennebec have a common boundary. We cannot know from the indictment that Thomas Libby's house is not situated on the boundary line, so as to be accessible without crossing into Kennebec county.

*Indictment quashed.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.