STATE OF IOWA V. CHARLES CARNAGY, Appellant.

**Rape:** ASSAULT TO: *Elements.* It is not an essential element of the crime of assault with intent to commit rape that the defendant intended to accomplish his purpose in spite of any resistance, where the prosecutrix is a child under the age of consent. And it does not matter that he expected no opposition.

PENETRATION: *Evidence.* In a trial for rape the evidence of penetration is sufficient to warrant a submission of the cause to the jury where it is shown in addition to the injured condition of the genital organs that the defendant did his utmost to accomplish his purpose and if he failed it was because of the tender years of his victim.

INSTRUCTIONS: *Failure of accused to testify.* Code, section 5484, provides that, should a defendant elect not to become a witness, that

| | |
|---|---|
| 106 | 483 |
| 106 | 606 |
| 106 | 685 |
| 106 | 483 |
| 108 | 72 |
| 106 | 483 |
| 109 | 680 |
| 106 | 483 |
| 111 | 238 |
| 106 | 483 |
| e116 | 288 |
| 106 | 483 |
| 119 | 665 |
| 106 | 483 |
| 122 | 155 |
| 106 | 483 |
| f125 | 446 |
| 106 | 483 |
| f132 | 301 |
| 132 | 302 |
| 133 | 687 |
| 106 | 483 |
| 141 | 65 |
| 141 | 526 |

fact shall not have any weight against him on the trial, nor shall the state's attorney refer to such fact during the trial. *Held*, that irrespective of whether anything has occurred during the trial to direct the attention of the jury to defendant's failure to testify, it is error to refuse to instruct the jury thereon.

CORROBORATION: *Failure to instruct on.* Failure to instruct that defendant in a prosecution for rape or assault with intent to commit rape cannot be convicted on the uncorroborated evidence of the prosecutrix (Code, section 5488) is prejudicial error, though no request to so instruct was made, and though there was, in fact, corroborating evidence.

Indictment: VARIANCE: *Name of prosecutrix.* An indictment charged a rape on "Anna Brown." The evidence showed that her name was "Anna Grubb," but that she had always been known by the former name, taking it from her stepfather. *Held*, that the erroneous allegation was immaterial, within Code, section 5286, the offense being otherwise described with sufficient certainty, and since defendant was not prejudiced in any way by the erroneous allegation.

Presence of Judge. The absence of the judge from the court during the opening address to the jury in a criminal case, as shown by an entry wherein he refuses to rule on an objection to the line of argument pursued by the state's attorney, for such reason, where not affirmatively shown to have been without prejudice, is prejudicial error.

GIVEN, J., dissenting.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

THURSDAY, OCTOBER 20, 1898.

THE defendant, having been accused of the crime of rape, and convicted of an assault with intent to commit rape, appeals.—*Reversed.*

*Giffen & Voris* for appellant.

*Milton Remley,* Attorney General, and *Jesse A. Miller* for the State.

LADD, J.—The name of the child of eleven years upon whom the assault is claimed to have been made was, in fact,

"Anna Grubb," though alleged in the indictment as "Anna Brown." She has always been known by the latter name, taking it from her stepfather. When these facts appeared in evidence, the defendant asked that, because of the variance between the names alleged and proven, her testimony be stricken from the record. This motion was properly overruled, as the defendant was in no way prejudiced by the defect in naming the person injured. Code, section 5286; State v. Carr, 43 Iowa, 418; State v. Cunningham, 21 Iowa, 433; State v. Emeigh, 18 Iowa, 122; State v. Flynn, 42 Iowa, 164; State v. Crawford, 66 Iowa, 318; State v. Fogarty, 105 Iowa, 32; State v. Bell, 65 N. C. 313; State v. Windahl, 95 Iowa. 470.

II. If there was no evidence of penetration, it may be conceded that the issue as to whether the defendant was guilty of rape ought not to have been submitted to the jury. See State v. Kyne, 86 Iowa, 616. The prosecution, however, was not bound to rely upon the testimony of the injured party alone, as penetration, like any other element of crime, may be established by circumstantial evidence. State v. Tarr, 28 Iowa, 397; State v. Watson, 81 Iowa, 389; Brauer v. State, 25 Wis. 413; Taylor v. State, 111 Ind. 279 (12 N. E. Rep. 400); State v. Depoister, 21 Nev. 107 (25 Pac. Rep. 1000.). Proof of the slightest penetration is sufficient to sustain the charge of rape. See cases above cited, and also State v. Hargrave, 65 N. C. 466; People v. Crowley, 102 N. Y. 234 (6 N. E. Rep. 384); Rodgers v. State, 30 Tex. App. 510 (17 S. W. Rep. 1077); Reg. v. Allen, 9 Car. & P. 31. The evidence in this case tends to show that the defendant did his utmost to accomplish his wicked purpose, and, if he failed, it was because of the tender years of his victim. This, together with evidence concerning the injured condition of her genital organs, was sufficient to warrant the submission of the issue to the jury.

III. It is insisted the jury ought to have been told, as requested by the defendant, that, in order to warrant his

conviction, it must appear he intended to have the intercourse in spite of any resistance. In an instruction given, the jury was substantially so directed. Our statute makes it rape to carnally know and abuse any female child under the age of fifteen years, without reference to whether she consent or refuse. Under that age she is incapable of giving her consent to such an act. If the defendant attempted to have sexual intercourse with this child, and failed, he was guilty of an assault with intent to commit rape, even though she made no resistance whatever, and he expected to accomplish his purpose without opposition. *State v. Grossheim,* 79 Iowa, 75; *State v. Newton,* 44 Iowa, 45. See, also, *State v. Ruhl* 8 Iowa, 447; *Fizell v. State,* 25 Wis. 365; *Com. v. Roosnell,* 143 Mass. 32 (8 N. E. Rep. 747); *People v. McDonald,* 9 Mich. 150; *State v. Johnston,* 76 N. C. 209; *Stephen v. State,* 11 Ga. 226; *People v. Gordon,* 70 Cal. 467 (11 Pac. Rep. 762); *Hays v. People,* 1 Hill (N. Y.) 351; *Territory v. Keyes,* 5 Dak. 244 (38 N. W. Rep. 440); *Davis v. State,* 31 Neb. 247 (47 N. W. Rep. 854); *State v. Wheat,* 63 Vt. 673 (22 Atl. Rep. 720); *Murphy v. State,* 120 Ind. 115 (22 N. E. Rep. 106); *Glover v. Com.,* 86 Va. 382 (10 S. E. Rep. 420); *McKinny v. State,* 29 Fla. 565 (10 South. Rep. 732); *State v. West,* 39 Minn. 321 (40 N. W. Rep. 249); *State v. Meinhart,* 73 Mo. 562; *In re Loyd,* 51 Kan. Sup. 501 (33 Pac. Rep. 307); McClain Criminal Law, section 464; Wharton Criminal Law, section 577. *Contra,* see *Hardin v. State* (Tex. Cr. App.) 46 S. W. Rep. 803; *Smith v. State,* 12 Ohio, St. 466; *Slate v. Pickett,* 11 Nev. 255; *Whitcher v. State,* 2 Wash. St. 286 (26 Pac. Rep. 268); *Reg. v. Read,* 2 Car. & K. 957; *Hardwick v. Stale,* 6 Lea. 103.

IV. During the opening address to the jury by the county attorney, counsel for the defendant interposed objections to the line of argument pursued. What this was does not appear, except from the objection, which indicated that he was stating what he conceived to be the law applicable to the case. The judge was absent, and, upon his return, caused

the following entry to be made: "The court, not being present, but out of the court room, could not hear the argument; and the court says he cannot pass on the objection, and will not do so, because the court did not hear a word of the objection or the argument, as he was absent from the court house." There is no affirmative showing of prejudice, unless it be in the omission to rule on the objection made.

4          But we think the absence of the judge from the court room, beyond the hearing of the proceedings, when not shown affirmatively to have been without prejudice, is in itself error, alone sufficient to warrant the reversal of a judgment. There can be no court without a judge, and his presence, as the presiding genius of the trial, is as essential at one time as another. The argument is an important part of the proceedings, during which the judge cannot properly absent himself. He should remain within hearing, that he may not even temporarily relinquish control of the proceedings and the conduct of the trial. · This is necessary to enable him to intelligently review the proceedings on motion for new trial. So doing will not prevent him from changing his seat, or even being in an adjoining room, if not out of hearing of the proceedings, or from reading or writing or temporarily engaging in conversation, for he is not bound to listen to every word of the argument. But he at all times must be in readiness to assert authority in keeping the argument within legitimate limits, and to interpose whenever the conduct of officers of the court, jurors, or spectators may require. In all criminal prosecutions the law exacts a speedy and public trial, and all formalities should be scrupulously observed, that the public may know the majesty of the law is being upheld, and the accused accord that fair and impartial hearing guaranteed by the constitution. The accused is entitled to a trial in a court duly constituted, and, if the presiding judge abandons the trial or relinquishes control of the proceedings, he has ground for complaint. *Turbeyville v. State,* 56 Miss. 793; *O'Brien v. People,* 17 Colo. 561 (31 Pac. Rep. 230); *Palin v. State,* 38 Neb. 862 (57 N. W. Rep.

743) ; *State v. Smith,* 49 Conn. 376) ; *Thompson v. People,* 144 Ill. 378 (32 N. E. Rep. 968) ; *State v. Beuerman* (Kan.) 53 Pac. Rep. 874; *Hayes v. State,* 58 Ga. 35; *Meredith v. People,* 84 Ill. 479.

Our attention has not been called to any authority to the contrary. In *State v. Porter,* 105 Iowa, 677, neither party claimed any prejudice because of the absence of the judge, who, in fact, heard all that was said. In *Baxter v. Ray,* 62 Iowa, 336, there was no claim of prejudice, and none appeared. The reversal of *Hall v. Wolff,* 61 Iowa, 562, was because of misconduct of counsel in argument. The withdrawal of the judge there approved is by consent of parties in a civil case. In *State v. Griffin,* 79 Iowa, 570, misconduct of the counsel, not absence of the judge, was held to be without prejudice. Undoubtedly, error of the judge in temporarily relinquishing control of the proceedings in the trial of a civil cause may be cured by an affirmative showing that no prejudice resulted. Whether this may be done in a criminal action, the record in this case does not permit us to determine, as no showing whatever was attempted. See, however, the authorities cited. In any event, the better practice requires the visible presence of the presiding judge, and that he be within hearing every moment during the actual progress of trials involving the life or the liberty of those accused of crime.

V. The defendant requested the court to give the jury this instruction, and complains of the refusal to do so: "You are instructed that the fact that the defendant has not been called as a witness to testify in this case cannot be considered by you for any purpose, and you are instructed that you will not, in your deliberation, consider the fact of his not so testifying for any purpose in arriving at your verdict." Section 5484 of the Code provides that, "should a defendant not elect to become a witness, that fact shall not have any weight against him on the trial, nor shall the attorney or attorneys for the state, during the trial, refer to the fact that the defendant did not testify in his own behalf; and should they do so, such attorney or attorneys will be guilty of a misdemeanor, and

defendant, for that cause alone, be entitled to a new trial."
Whether giving such an instruction would have been bene-
ficial to the defendant, we shall not undertake to
determine.    It is urged that, where nothing has
occurred during the trial to direct the attention of
the jury to the defendant's failure to testify, such an instruc-
tion might emphasize that fact, and be treated as an intima-
tion of the effect on the court's mind of an omission to explain
any criminating circumstances.    See *Ruloff v. People,* 45 N.
Y. 213; *Baker v. People,* 105 Ill. 452.    But the jurors may
have noted such an omission without suggestion from the
court, and given it weight.    It was said in *State v. Weems,*
96 Iowa, 426, where a similar instruction was given without
request:  "The instruction was in the interest of defendant,
and was induced, likely, by an apprehension that the jury
might of its own motion consider the fact that the defendant
did not take the witness stand to testify, and draw improper
inferences therefrom.    Certainly, the instruction could have
done no harm."    To the same effect, see *Fulcher v. State,* 28
Tex. App. 465 (13 S. W. Rep. 750); *Metz v. State,* 46 Neb.
547 (65 N. W. Rep. 190); *Ruloff v. People, supra.*    It seems
that in Vermont and Washington the jury must be directed
not to take into consideration the defendant's omission to tes-
tify. *State v. Cameron,* 40 Vt. 556; *Linbeck v. State,* 1 Wash.
336 (25 Pac. Rep. 452.)    In the absence of a request such an
instruction is not required in this state.    *State v. Stev-
ens,* 67 Iowa, 557.    In that case it was said:  "Had such
instruction been requested, it, doubtless, would have been
given."    A similar intimation is found in *Metz v. State,
supra.*    In *State v. Pearce,* 56 Minn. 226 (57 N. W. Rep.
654), a refusal to so instruct is upheld on the ground that
the statute of Minnesota prohibits any allusion or comment
on defendant's neglect to testify by the prosecuting attorney,
or by the court.    See, also, *State v. Robinson,* 117 Mo. 663
(23 S. W. Rep. 1066).    The supreme court of Illinois, in
*Farrell v. People,* 133 Ill. 244 (24 N. E. Rep. 423), held the
refusal to so instruct, when requested, reversible error.    The

same rule obtains in Maine. *State v. Landry,* 85 Me. 95 (26 Atl. Rep. 998). The statutes of these states are like ours. This statute was enacted for the protection of those accused of crime, and to enable them to insist upon the establishment of their guilt by the state, without inferences to be drawn from their silence when they might speak. The state may be put to its proof. The natural inclinations of the jurors would lead them to adopt the very presumption from which the statute was intended to shield the accused. The instruction requested contained a correct statement of the law, and the defendant had the right to have it given. It related to a special feature of the case, upon which the giving of instructions was discretionary if not demanded, but upon which the law should have been stated when requested by the accused, who had brought himself within its provisions.

VI. No instruction was given upon the necessity of corroborating the testimony of the injured party. Exception to this omission is met by the assertion that there was, in fact, corroborating evidence, and the omission to so instruct, in the absence of a request, was not error.

The Code provides that the defendant in a prosecution for rape or assault with intent to commit rape cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense. Code, section 5488. Undoubtedly, the court must determine whether there is any such evidence, but the jury is to pass upon its weight and sufficiency. *State v. McLaughlin,* 44 Iowa, 82; *State v. Bell,* 49 Iowa, 440. The evident purpose of the statute was to guard against convictions based alone on the testimony of an injured party in a class of cases where the interest and feeling are so apt to control, and the motives of revenge or sinister design so frequently exist. Corroboration is one of the essentials of conviction, without which the accused is entitled to an acquittal. We have held it to be the duty of the court to instruct the jury on the material questions of law involved in the case, whether requested or not. *State v.*

*Helm,* 97 Iowa, 378; *State v. Donahoe,* 78 Iowa, 490; *State v. Brainard,* 25 Iowa, 578; *State v. O'Hagan,* 38 Iowa, 506. The defendant was on trial for the commission of one of the gravest offenses known to the law, involving his liberty for life or a term of years; and we think the law relating thereto, and the issues, should have been fully stated to the jurors, for their guidance in the performance of their responsible duties. Other errors assigned will not be likely to arise on another trial.   Because of those pointed out, the judgment is REVERSED.

GIVEN J. (dissenting).—While I concur in the result reached in this case, and in the conclusion that a trial judge should not even temporarily relinquish control of the proceedings, I do not agree that it is in itself error, or that prejudice should be inferred from the fact of the judge's withdrawing beyond hearing during arguments to the jury. Under our practice, the judge is required to instruct the jury in writing,—a duty that is always important, often difficult, and requiring careful reflection and an examination of authorities. If the judge may not retire to his room, within easy call, to prepare his instructions during arguments to the jury, he must adjourn the trial, dismiss or lock up the jury, or prepare them when his attention is divided between the trial and the preparation of the instructions.   I am convinced that, if judges were afforded better opportunity for preparing their instructions, they would be less voluminous, more easily understood, more applicable to the case, and freer from errors. If the practice of preparing instructions in important cases during the trial, or during the hours of rest at noon and night, were abandoned, we would have better instructions.   I think it should be left to the discretion of the trial judge whether he may withdraw from the court room to a place within easy call, to prepare his instructions during the argument on the issues of facts to the jury.   It is only in exceptional instances that prejudice will result from his so doing, and in such cases give the prejudiced party the benefit of the fact when shown,

but do not presume prejudice when its occurrence is the exception and not the rule. The presence of the bailiff is usually sufficient to preserve order, and, when counsel appreciate and observe the privileges of argument, there is no necessity for the constant presence of the judge. If counsel abuse their privilege, let discipline be administered to them, not to the judge. Disturbances or disputes during arguments to the jury, such as require the presence of the judge, are very exceptional; and, if he is within easy call, he may readily restore order or ascertain and decide the dispute. The error in this case is that the judge did not ascertain and decide the matter in dispute. My observation leads me to believe that the cause of justice and the interest of litigants require that encouragement be given to the exercise of the utmost care in the preparation of instructions, and that thereby errors therein will be greatly lessened. It is a marvel to me that instructions prepared amid the surroundings of a trial are as free from prejudicial errors as they are, but I believe they may be made more so by better opportunity for their preparation.