## STATE v. CARLISLE.

Laws 1909, c. 4, prohibiting the practicing of dentistry without a license, does not require a dentist to procure a license in each county in which he may practice, but a license regularly issued entitles him to practice in any county; and a charge that one has no license to practice in a designated county is equivalent to a charge that he has no license in any county.

The offense of practicing dentistry without a license in violation of Laws 1909, . 4, declaring that any person who holds himself out as practicing dentistry, and advertises that he can perform dental operations of any kind, treat diseases of the human jaw, or replace lost teeth with artificial ones, or correct malposition thereof, or who for a fee performs dental operations or treats diseases, etc., practices dentistry, is a continuing offense; and a complaint charging one with doing all the acts defined is not duplicitous.

Laws 1909, c. 4, prohibiting the practicing of dentistry without a license, does not impair any vested right of one practicing dentistry prior to the date of the taking effect of the act.

An instruction on the court's motion that the fact that accused has not testified raises no presumption against him, and has no bearing on the verdict, is not violative of Code Cr. Proc. § 361, providing that accused's failure to testify shall not create any presumption against him, though the statute is violated by the prosecuting attorney referring in his argument to accused failure to testify.

HANEY, J., dissenting.

(Opinion filed, October 4, 1911.)

Appeal from Minnehaha County. Hon. J. T. MEDIN, Judge.

C. L. Carlisle was convicted of practicing dentistry without a license, and he appeals. Affirmed.

*Sam. H. Wright,* for appellant.   *S. W. Clark, Atty. Gen., Geo. J. Danforth, State's Atty.,* and *Bailey & Voorhees,* for the State.

McCOY, J.  Appellant was convicted by the county court of Minnehaha county of practicing dentistry without a license in violation of chapter 4, Laws 1909, and has brought the cause to this court on appeal, assigning various errors.

The sufficiency of the complaint (information) is attacked. The complaint, in substance, was as follows: That continuously during the month of December, 1909, and for a long time prior thereto, and during the month of January ,1910, and prior to the filing of this complaint, at the city of Sioux Falls, in the county of Minnehaha, and state of South Dakota, one C. L. Carlisle did then and there willfully. and unlawfully practice dentistry and dental surgery without being then and there a duly and legally registered dentist, and without having a license to practice dentistry from the Board of Dental Examiners of said State of South Dakota, and without legal authority so to do, by then and there holding himself out before the public as practicing dentistry, by equipping an office, that he would and could attempt to perform dental operations of the kind usually performed by practicing dentists, and could and would attempt to treat diseases and lesions of the human jaw, and replace lost teeth by artificial ones, and attempt to correct malposition thereof, "and the said C. L. Carlisle, at said city, county, and state, aforesaid, and at the times aforesaid, for a fee, salary, and reward to him, the said C. L. Carlisle, paid, did willfully and unlawfully practice dentistry· and perform dental operations treat diseases and lesions of the human jaw and teeth, replace lost teeth by artificial ones, and attempt to correct malposition thereof, without being then and there a duly and legally registered dentist, and without having a license to perform said acts and to practice dentistry from the Board of Dental Examiners of the State of South Dakota, the said C. L. Carlisle not being at the time or times hereinbefore specified a student enrolled in and regularly attending any dental college and performing said acts of dentistry in the pursuit of clinical advantages

under the supervision of a preceptor or a licensed dentist, and was not a legally licensed resident physician or surgeon, and was not a person using any domestic remedy for the relief of pain, against the form of the statute in such case made and provided; that on divers occasions during the month of December, 1909, and January, 1910, prior to the filing of this complaint, at the city of Sioux Falls, in the county of Minnehaha, in the state of South Dakota, the said C. L. Carlisle did then and there willfully and unlawfully practice dentistry, and did then and there willfully and unlawfully perform dental operations for a fee and reward, and treat diseases of the human jaw and teeth, and attempt to correct malposition thereof in the mouth of Ellis Lloyd; that on divers occasions during the month of December, 1909, and January, 1910, at the city of Sioux Falls, county and state aforesaid, did unlawfully practice dentistry, and did then and there willfully and unlawfully perform dental operations for a fee and reward, and treat diseases and lesions of the human jaw and teeth in the mouth of Elmer Wiggen, and also in the mouth of Myrtle Wiggen, the said C. L. Carlisle not being then and there a student enrolled in and regularly attending any dental college, and performing said acts of dentistry in pursuit of clinical advantage under the direct supervision of a preceptor or a licensed dentist of this state, and not being then and there a legally licensed resident physician or surgeon, or a person using any domestic remedy for the relief of pain." To this complaint defendant demurred on the grounds (1) that it does not state facts sufficient to constitute a public offense; (2) that the same is duplicitous; (3) that the court was without jurisdiction. The demurrer was overruled and exceptions taken, and the ruling of the court now assigned as error. We are of the opinion that none of these grounds of demurrer were well taken. It is the contention of defendant that this complaint fails to state a public offense, in that, while it alleges that defendant without then and there having a license to practice dentistry in the said county of Minnehaha and state of South Dakota, it fails to charge that he did not have a license for practicing dentistry in the state of South Dakota. We are of the opinion that the complaint sufficiently charges defendant with practicing dentistry without a license within the state of South Dakota.

[1] The provisions of chapter 4, Laws 1909, do not require that a dentist shall procure a license in each and every county in the state in which he may practice, but a license regularly issued entitles the holder thereof to practice dentistry in every county in the state, and it therefore necessarily follows that, if defendant had no license to practice in Minnehaha county, he could not have one in the state or in any other county. The license provided for by this statute is statewide, and not a county license. We are also of the opinion that the complaint is not objectionable for duplicity.

[2] The offense of unlawful practice of dentistry is a continuing offense, and may consist of a very few or many specific acts which go to make up the unlawful practice of which complaint may be made. The word "practice" itself comprehends a continuation of time and a multitude of acts. We are of the view that all the different matters and acts alleged in the complaint all go towards alleging the one offense of unlawful practice complained of. It will be observed that section 6 of this act construes and particularly defines of what "practicing dentistry" may consist within the meaning of the act, and that various things are mentioned as constituting "practice of dentistry." All the specific acts mentioned in the complaint relate to and go to make up but one offense. The complaint is drawn with great particularity, possibly more than was needful, but it is a good fault, and one which by no possibility could in any manner tend to prejudice appellant.

Appellant has made many assignments of error based on the rulings of the trial court in the reception of evidence over his objections, all of which assignments have been considered, and we are of the opinion that no reversible error exists therein, and that it would serve no useful purpose to further express our views concerning the same.

[3] Appellant further contends that by reason of the fact that he was practicing dentistry in the state of South Dakota prior to July 1, 1909, when chapter 4, Laws 1909, went into effect, such statute as to him is inoperative and void as affecting his vested right to continue such practice. We are of the opinion that this position is not well grounded. The conclusive weight of authority

seems to hold that statutes prescribing the qualifications of dentists and physicians and surgeons, requiring them to take out a license, in no manner impair any vested right as respects those who were practicing in the state prior to the passing and going into effect of the statute. State v. Davis, 194 Mo. 485, 92 S. W. 484, 4 L. R. A. (N. S.) 1023, 5 Am. & Eng. Ann. Cas. 1000, and note at end of case; Allopathic Board of Examiners v. Fowler, 50 La. Ann. 1358, 24 South. 809; People v. Phippin, 70 Mich. 6, 37 N. W. 888; People v. Moorman, 86 Mich. 433, 49 N. W. 263; State v. Chapman, 69 N. J. Law, 464, 55 Atl. 94; People v. Fulda, 52 Hun. 65, 4 N. Y. Supp. 945; State v. Edmunds, 127 Iowa, 333, 101 N. W. 431; O'Neil v. State, 115 Tenn. 427, 90 S. W. 627, 3 L. R. A. (N. S.) 762. In the case of State v. Davis the court said: "It is apparent that the General Assembly of Missouri, in the enactment of the provisions of law regarding the practice of medicine and surgery in this state, intended to fix a standard as to fitness, skill, and qualifications which would authorize the practice of that profession. This law does not undertake to deprive any person of a vested right, for there can be no such thing as a vested right in the practice of medicine. It does not undertake to suppress or prohibit the practice of medicine or surgery, but it simply undertakes to require the necessary and essential qualifications for that purpose. The correctness of the conclusions as herein indicated is fully supported by the well-considered cases of this country." The principle here enunciated is as applicable to the practice of dentistry as to the practice of medicine or surgery.

[4] The court as a part of the charge instructed the jury: "Now, the fact that the defendant himself has not testified in this case should raise no presumption against him from that fact. Let that have no bearing whatever upon your minds in arriving at a verdict." To this portion of the instructions defendant duly excepted, and now assigns the giving of such instruction as error. We are of the opinion that such instruction was in no manner prejudicial to defendant, and does not constitute error. The jurors, who were present throughout the trial and heard and saw

whatever took place, and who must be given credit for some intelligence, were just as aware of the fact that defendant did not testify on his own behalf as court or counsel, and, if the court had made no reference whatever to the fact of defendant's failure to testify, the jury, in the absence of such instruction, would have been more likely to consider such omission prejudicial to defendant than with the instruction as given by the court. The effect of this instruction certainly tended in favor of the defendant. This case is distinguishable from the former decisions of this court in State v. Williams, 11 S. D. 64, 75 N. W. 815; State v. Garrington, 11 S. D. 178, 76 N. W. 326; State v. Bennett, 21 S. D. 396, 113 N. W. 78; State v. Jones, 21 S. D. 469, 113 N. W. 716. In these cases it was held error for the prosecuting attorney in his remarks to the jury to refer to the fact that defendant had not testified on his own behalf. In this case it is not claimed by appellant nor shown by the record that counsel for the state made any reference whatever to defendant's failure to testify in any remarks to the jury. Section 361, Code Crim. Pr., provides that a person charged with crime shall at his own request and not otherwise be a competent witness, and his failure to make such request shall not create any presumption against him. It seems to be generally held a violation of such a statute for a prosecuting attorney in his argument to the jury to refer to the fact that defendant has failed to testify on his own behalf, but the weight of authority also seems to hold that it is not error or a violation of the statute for the court to instruct the jury that the fact that defendant has not testified in his own behalf shall raise no presumption against him where no reference has been made thereto by the prosecuting attorney. Under precisely a like statute and a similar instruction, the Supreme Court of North Dakota has so held in the case of State v. Wisnewski, 13 N. D. 649, 102 N. W. 883. In that case the court said: "The statute does not prohibit the court from mentioning to the jury the fact that the defendant has a right not to become a witness in the case, and it seems that no possible prejudice could follow from the fact when they were instructed that such fact should not be considered by them in their deliberations. It was an instruction favorable to the defendant. The state's at-

torney is prohibited to refer to it or mention it. A defendant's failure to become a witness might well be considered as a circumstance unfavorable to defendant, and to advise them that it should not be so considered is not the subject of prejudice or exception." In the case of State v. Weems, 96 Iowa, 426, 65 N. W. 387, a like instruction was held not to constitute error. In that case the court said: "The court gave the following instruction, of which complaint is made: 'Under the statute of the state, the defendant had the right to testify in his own behalf, or not, as he might elect; and, if he declined to so testify, it shall not be considered against him, and in this case you are instructed that you must not give any thought to the fact that the defendant did not testify in his own behalf.' It is said the court had no right to refer to the matter of the defendant's failure to testify. The claim is based on Code, § 3636, which provides that, where a defendant does not elect to become a witness, the fact shall not have weight against him on the trial, nor shall the attorneys for the state during the trial refer to the fact that the defendant did not testify in his own behalf. That rule, in its letter and spirit, does not apply to the court. The instruction was in the interest of the defendant, and was induced, likely, by an apprehension that the jury might of its own motion consider the fact that the defendant did not take the witness stand to testify and draw improper inferences therefrom. Certainly the instruction could have done no harm." There are many other decisions of like effect. State v. Landry, 85 Me. 95, 26 Atl. 998; Fulcher v. State, 28 Tex. App. 465, 13 S. W. 750; 11 Ency. Pl. & Pr. p. 352; 12 Cyc. 638; People v. Hayes, 140 N. Y. 485, 35 N. E. 951; Ruloff v. People, 45 N. Y. 213; Sullivan v. State, 9 Ohio Cir. Ct. R. 652. In Maine, Michigan, and Illinois it is held reversible error not to give such an instruction when requested by defendant. In Maine and Michigan the courts said: "The requested instruction should have been given. It was founded upon the statutory provision that the fact that the person accused does not testify in his own behalf shall not be taken as evidence of his guilt. The respondent was entitled to have the jury know of the existence of the statute, and understand the effect of it. If not so, then the statute expressly created for

the benefit of a class of persons is wholly useless to them. The natural inclination of the jury would lead them to adopt the presumption which the statute was designed to prevent." It certainly and most logically follows that if such an instruction was of such great benefit to a defendant, as to justify a reversal, when requested by him, it would be none the less beneficial to him when given without a request, on the court's own motion. The effect of such an instruction on the jury would be the same, whether given on request of defendant or on motion of the court, and, if the effect thereof was beneficial to defendant, it could not constitute error. There is every reason for the holding that a prosecuting attorney should not be permitted to refer to the fact of defendant's failure to testify, because the prosecuting attorney is before the jury making an argument against defendant. His whole attitude is hostile to the interests of the accused, and, if he were permitted to refer to that fact in his argument, he would thereby base an argument upon something which the law says shall not be considered evidence against defendant. It is an elementary rule that attorneys in any case, whether civil or criminal, should not be permitted to make or base arguments upon matters not in evidence. On the other hand, the true attitude of the court should never be hostile to either party, but should stand on a plane of neutrality, equality, and fairness, as between the opposing parties, before the jury, when advising them as to the law of the case by means of his instructions, and for the court to advise the jury in this spirit of neutrality and fairness between the state and the accused that the jury should not consider the failure of the defendant to testify in his own behalf as creating any presumption against him would certainly result favorably for defendant. In Minnesota and Missouri it is held error for the court to so instruct the jury of the court's own motion, but in each of those states there is an express statute forbidding the court from giving such instruction. State v. Pearce, 56 Minn. 226, 57 N. W. 652; State v. Robinson, 117 Mo. 649, 23 S. W. 1066. Outside of states having a statute prohibiting the court from giving such an instruction there is great unanimity of decision holding that the giving of such instruction

is favorable to defendant, and it does not constitute error, although not requested by him.

Finding no error in the record, the judgment of the county court is affirmed.

HANEY, J. (dissenting). Where, as in this jurisdiction, the defendant in a criminal action is permitted to offer himself as a witness, his failure to testify should not be alluded to by the attorney for the state within the hearing of the jury under any circumstances, and should not be alluded to by the court during the trial except when requested by the defendant. For this reason alone, I think the judgment of the lower court should be reversed, and a new trial granted.