STATE, Respondent, v. WIMPSETT, Appellant.

(189 N. W. 983.)

(File No. 5028.    Opinion filed September 29, 1922.)

1.   Criminal Law — Requested Instructions — Requested Instruction
     Must State Law Correctly in Its Application to Evidence.
         To entitle a party to have a requested instruction given, it
     should state the law correctly in its application to the evidence.

2.   Criminal Law—Presumptions—Requested Instruction Negativing
     Presumption from Failure to Testify Held Proper, and Erroneously Refused.
         A requested instruction that the fact that defendant had not
     testified raised no presumption against him, and that the jury
     must give no thought to such fact in arriving at their verdict,
     substantially stated the law, under Rev. Code 1919, Sec. 4879,
     and, when not otherwise covered, its refusal was reversible
     error.

3.   Criminal Law — Requested Instruction — Requested Instruction.
     Negativing Presumption from Failure to Testify Held Not Sufficiently Covered.
         An instruction that the fact that defendant had not testified
     raised no presumption against him, and that the jury must give
     no thought to such fact in arriving at their verdict, was not
     sufficiently covered by an instruction that the law raised no presumption against defendant but that every presumption was in
     favor of his innocence, and he was not required to prove himself innocent, or put in any evidence at all on the subject, and
     that the presumption of innocence continued with him through
     the trial.

4.  **Criminal Law—Prosecuting. Attorney—Reversible Error for Prosecution to Call Attention to Failure to Testify.**

It is reversible error for the prosecution to call attention of the jury in any manner to the fact that accused has not testified.

5.  **Criminal Law—Instructions—Not Reversible Error for Court to Refer to Failure to Testify in Charging on Right Not to Testify.**

It is not reversible error for the court, on its own motion and over defendant's objection, to call attention to the defendant's failure to testify by giving a proper instruction on defendant's rights, under Rev. Code 1919, Sec. 4879, and to say to the jury that such failure should raise no presumption against him and have no bearing whatever in arriving at their verdict.

Appeal from Circuit Court, Brown County; Hon. Frank Anderson, Judge.

William Wimpsett was convicted of statutory rape, and he appeals. Reversed, and new trial ordered.

*Geo. H. Fletcher,* of Aberdeen, for Appellant.

*R. F. Williamson,* of Aberdeen, *Byron S. Payne,* Attorney General, and *Benjamin D. Mintener,* Assistant Attorney General, for Respondent.

(2)  To point two of the opinion, Appellant cited: State v. Carlisle, 28 S. D. 169, 132 N. W. 686; People v. Provost (Mich.), 107 N. W. 716; People v. Emmons, 110 Pac. 151; 16 C. J. 1068.

(5)  To point five, Respondent cited: Holmes v. State, 13 Okla. Cr. 113; State v. Robinson, 117 Mo. 649; State v. Pearce, 56 Minn. 226, 57 N. W. 652; Fulcher v. State, 28 Tex. App. 465. 13 S. W. 750.

SHERWOOD, J.  Defendant was found guity of statutory rape. Motion for new trial was denied, and from the judgment and sentence of the circuit court this appeal was taken. As a new trial must be granted upon the assignment of error hereinafter discussed, we deem it unnecessary to consider the other assignments.

The fourth assignment of error is based on the court's refusal to give the following instruction requested by the defendant:

"You are further instructed that the fact that the defendant has not testified in this case raises no presumption against him,

and you must give no thought to the fact that the defendant did not testify in his own behalf in this case in arriving at your verdict herein."

Which instruction was by the court refused, to which refusal the defendant excepted as follows:

"The defendant excepts to the refusal of the court to give the instruction No. 1 requested by the defendant, for the reason that the said instruction correctly states the law, and said instruction should have been given to warn the jury against considering the fact that the defendant had not taken the stand in his own behalf."

The court then instructed the jury, upon its own motion, as follows:

"In this case the law raises no presumption against the defendant, but every presumption of the law is in favor of his innocence. He is not required to prove himself innocent, or put in any evidence at all upon that subject, and this presumption of innocence abides with him and follows him throughout the trial of the case until the evidence convinces you to the contrary, beyond all reasonable doubt. In order to convict the defendant of the charge contained in the information (or any lesser degree thereof), every material fact necessary to constitute such offense must be proved beyond all reasonable doubt, and if the jury, or any member of the jury, entertain any reasonable doubt upon any single fact or element necessary to constitute such criminal offense (or any lesser degree thereof) as heretofore defined, then it should be your duty to give the defendant the benefit of such doubt and acquit him."

Section 4879, Revised Code 1919, provides as follows:

"In the trial of all indictments, informations, complaints, and other proceedings against persons charged with the commission of any crime, before any court or committing magistrate, the person charged shall, at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him."

[1] It will be conceded that defendant was not entitled to the instruction merely because it stated the law correctly, in its application to the evidence (2 Thompson on Trials § 2352), and it is not error to refuse a requested instruction upon a proposi-

tion which has elsewhere been sufficiently covered by instructions given. State v. Kammel, 23 S. D. 465, 122 N. W. 420. It is equally true that the instruction asked should state the law correctly in its application to the evidence, to entitle the requesting party to have it given.

Three questions are therefore presented by the record: First, does the instruction asked for correctly state the law applicable to this case under section 4879; second, were the rights given or preserved to defendant under section 4879 and involved here sufficiently covered by the charge given by the court; third, notwithstanding the instructions given and giving them full weight, is it reversible error to refuse the instruction asked?

We will consider these questions in the above order.

[2] Section 4879 gives to every defendant in all courts of this state three important rights: First, he has the right to testify if he requests it; second, he is not compelled to testify; third, his failure to testify shall raise no presumption against him.

The first two rights are personal to the defendant. The third provides a rule under and by which, only, the jury shall consider the fact that defendant did not testify.

We think it is clear that a defendant's failure to testify in his own behalf, to deny or explain charges made against him, when the jury know he is present, hears the charges, and could testify, would raise in the minds of nearly all jurors a presumption of his guilt, or at least a prejudicial presumption of something damaging to defendant that he wishes to conceal.

If the impression or presumption which such failure to testify would naturally raise in the minds of the jurors is one of defendant's guilt or something damaging to be concealed, then instructing the jury that no presumption of guilt should arise would be in effect to tell the jury that they should not consider at all the fact that the defendant did not testify, in arriving at their verdict; because, if considered, the natural presumption of guilt or prejudice would arise.

We are therefore of the opinion that the instruction asked substantially stated the law applicable to this case under section 4879; and this court has spoken with approval of such an instruction in State v. Carlisle, 28 S. D. 169, 132 N. W. 686, Ann. Cas. 1914B, 395; and an instruction substantially in the same language

has been approved by the Supreme Court of Iowa in State v. Weems, 96 Iowa 426, 65 N. W. 387.

[3] The second question is: Were the rights of the defendant given or preserved under section 4879 and in issue here sufficiently covered by the charge given by the court?

The defendant had not testified in his own behalf. The jury were fully aware of this fact; and, while the court instructed the jury that the law raised no presumption against the defendant, that every presumption of law was in favor of his innocence, that he was not required to prove himself innocent or put in any evidence at all on that subject, that this presumption of innocence continued with him through the trial, the court did not instruct that the fact that defendant had not testified should raise no presumption of his guilt. It did not instruct that such failure to testify should raise no presumption in their minds against the defendant.

Section 4879, R. C. 1919, was first enacted into law as chapter 16, Laws of 1879, and became section 7381 of the Compiled Laws of 1887, and was again re-enacted as section 361, Code of Criminal Procedure, R. C. 1903. The instruction given by the court correctly stated the law as it existed prior to the enactment of chapter 16, Laws of 1879, but we think by that enactment the Legislature established a new rule by which, only, the jury should consider and weigh the fact that a defendant had not testified.

The new rule declared that a certain presumption should not arise from a certain fact. That is, no presumption of guilt or of prejudice in any manner should arise from defendant's failure to testify. In other words, the statute says that a certain state of mind shall not arise within the minds of the jurors by the defendant's failure to testify.

The Legislature felt it necessary in protecting the defendant's rights to declare such a rule. We think the defendant had the right to have this presumption of law in his favor, coupled with the fact that he did not testify, given to the jury in a proper instruction substantially as the law had coupled it in section 4879, and that the charge as given did not substantially cover the charge requested.

In State v. Carlisle, 28 S. D. 169, 132 N. W. 686, Ann. Cas. 1914B, 395, this court said:

"The jury, in the absence of such instruction, would have been more likely to consider such omission prejudicial to defendant than with the instruction as given by the court. The effect of this instruction certainly tended in favor of the defendant."

The Supreme Court of North Dakota, in State v. Wisnewski, 13 N. D. 649, 102 N. W. 883, 3 Ann. Cas. 907, said of a similar instruction:

"It was an instruction favorable to the defendant. * * * Defendant's failure to become a witness might well be considered as a circumstance unfavorable to the defendant."

The Supreme Court of Michigan, in People v. Provost, 144 Mich. 17, 107 N. W. 716, 8 Ann. Cas. 277, in holding it reversible error to refuse a request to charge that the failure of the defendant to testify raises no presumption against him, said:

"The legal proposition was relevant to the issue. It was founded upon the statutory provision that the fact that the person accused does not testify in his behalf shall not be taken as evidence of his guilt. The respondent was entitled to have the jury know of the existence of the statute and understand the effect of it. If not so, then a statute expressly created for the benefit of a class of persons is wholly useless to them. The natural inclination of the jury would lead them to adopt the presumption which the statute was designed to prevent."

In State v. Carnagy, 106 Iowa 483, 76 N. W. 805, speaking of such an instruction the Supreme Court of Iowa said:

"The instruction requested contained a correct statement of the law, and the defendant had the right to have it given. It related to a special feature of the case, upon which the giving of instructions was discretionary if not demanded, but upon which the law should have been stated when requested by the accused, who had brought himself within its provisions."

And in State v. Evans, the Court of Appeals of Kansas said (58 Pac. 240):

"In order that the statutory provisions referred to may prove beneficial to the defendant in a criminal trial the jury must be made acquainted with such provisions, which can only be done through the court's instructions. The refusal to give the requested instruction denied to the defendant the benefit of the stautory safeguards."

And under the title "Failure of Accused to Testify," 16 Corpus Juris, § 2448, on page 1022, speaking of such instructions as were requested by defendant in this case, the author says:

"Generally it is held to be error to refuse to give such an instruction"—citing authorities in note 56, same page, from the Circuit Court of Appeals and eleven different states; and sustaining the same doctrine are: State v. Goff, 62 Kan. 104, 61 Pac. 683; State v. Landry, 85 Me. 95, 26 Atl. 998; Farrell v. People, 133 Ill. 244, 24 N. E. 423; Ferguson v. State, 52 Neb. 432, 72 N. W. 590, 66 Am. St. Rep. 512.

We think, in the few states where a contrary doctrine has prevailed the courts have based their decisions on statutes which directly or by clear implication prohibited either the court or prosecuting officer from mentioning or considering the fact that the defendant had failed to testify. State v. Robinson, 117 Mo. 649, 23 S. W. 1066; State v. Pearce, 56 Minn. 226, 57 N. W. 652, 1065; Holmes v. State, 13 Okl. Cr. 113, 162 Pac. 446.

[4] In South Dakota the statute does not, in express terms, prohibit either the court or the prosecuting officer from mentioning the failure of the defendant to testify; but it is "reversible error for the prosecution to call attention of the jury in any manner to the fact that the accused has not testified." State v. Williams, 11 S. D. 64, 75 N. W. 815; State v. Garrington, 11 S. D. 178, 76 N. W. 326; State v. Bennett, 21 S. D. 396, 113 N. W. 78.

[5] It is equally the law of this state that it is not reversible error for the court ,on its own motion and over the objection of defendant, to call attention to defendant's failure to testify, by giving a proper instruction on defendant's rights under section 4879, and to say to them that such failure should raise no presumption against him and have no bearing whatever in their minds in arriving at their verdict. State v. Carlisle, 28 S. D. 169, 132 N. W. 686, Ann. Cas. 1914B, 395. Further in that case we say the rule that no reference shall be made to defendant's failure to testify does not apply to the court "in its letter and spirit"; and we further say:

"There is every reason for holding that a prosecuting attorney should not be permitted to refer to the fact of defendant's failure to testify, because the prosecuting attorney is before the jury

making an argument against defendant. His whole attitude is hostile to the interests of the accused, and, if he were permitted to refer to that fact in his argument, he would thereby base an argument upon something which the law says shall not be considered evidence against defendant. It is an elementary rule that attorneys in any case, whether civil or criminal, should not be permitted to make or base arguments upon matters not in evidence. On the other hand, the true attitude of the court should never be hostile to either party, but should stand on a plane of neutrality, equality, and fairness, as between the opposing parties, before the jury, when advising them as to the law of the case by means of his instructions, and for the court to advise the jury in this spirit of neutrality and fairness between the state and the accused that the jury should not consider the failure of the defendant to testify in his own behalf as creating any presumption against him would certainly result favorably for defendant."

We are not unmindful of something said obiter by Mr. Justice Haney in State v. Garrington, 11 S. D. 178, 76 N. W. 326, but we think the real view of that eminent jurist is more fully expressed in his later dissenting opinion in State v. Carlisle, in which he said:

"Where, as in this jurisdiction, the defendant in a criminal action is permitted to offer himself as a witness, his failure to testify should not be alluded to by the attorney for the state within the hearing of the jury under any circumstances, and should not be alluded to by the court during the trial except when requested by the defendant."

We are led with reluctance to a reversal of this case; but for the reasons given we feel that, where a defendant seasonably requests a proper instruction on his failure to testify under section 4879, and such instruction is refused, a right given defendant by statute has been denied; and it is our duty to declare the law as we find it.

The case is reversed and a new trial ordered.

ANDERSON, J., not sitting.

Note—Reported in 189 N. W. 983. See (1) American Key-Numbered Digest, Criminal Law, Key-No. 814(3), 16 C. J. Sec. 2485; (2) Criminal Law, Key-No. 317, 787(1), 16 C. J. Secs. 1022, 2488 17 C. J. Sec. 3706; (3) Criminal Law, Key-No. 829(9), 16 C. J. Sec. 2510,

14 R. C. L. 757; (4) Criminal Law, Key-No. 721(1), 16 C. J. Sec. 2247, 17 C. J. Sec. 3639; (5) Criminal Law, Key-No. 787(1), 16 C. J. Sec. 2448.