**STATE of Maine**

v.

**James W. GIRARD.**

Supreme Judicial Court of Maine.

Nov. 16, 1971.

Ronald E. Ayotte, County Atty., Roland A. Coles, Asst. County Atty., Alfred, for plaintiff.

Malcolm L. Lyons, Biddeford, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEATHERBEE, Justice.

This is an appeal from a judgment based upon a jury verdict which found the Defendant guilty of selling amphetamines in violation of 22 M.R.S.A. § 2210.

We summarize the facts. The conviction was a result of police undercover work. On April 27, 1970 at the residence of the Defendant in Old Orchard Beach the police agent purchased fifteen tablets from the Defendant. The following day at the barracks on the Maine Turnpike at South Portland the agent turned the drugs over to a State Police Detective who, a week later, took them to the State laboratory in Augusta for analysis. From the tests conducted in Augusta, the chemist concluded that the drugs were an amphetamine.

The Defendant's present attorney raises three points on appeal. The first two are

only briefly discussed by the parties and do not warrant extended consideration by this Court.

■ It is the Defendant's first contention that the Trial Court erred when it denied Defendant's motion to dismiss the indictment. We have examined the indictment and find it sufficiently charges an offense under 22 M.R.S.A. § 2210 as amended by P.L.1965, c. 359 § 2 and P.L. 1967, c. 390 § 2.

■ Secondly, the Defendant has attacked the admission of the drugs into evidence, arguing a lack of continuity and sufficient custody. We find that the record demonstrates that, following the purchase by the agent, there was a continual exclusive control and possession of the drugs by the agent, the detective and the chemist, in succession, and that the identity of the drugs and their freedom from contamination were satisfactorily established.

The Defendant's third issue on appeal is the principal question before this Court.

The Defendant did not choose to take the stand as a witness. He now contends that the Presiding Justice's instructions to the jury were incorrect and prejudicial since the Justice did not inform the jury that the Defendant was not required to testify and that no inference should be drawn from the fact that he did not testify.[1] The State argues that since the Defendant's counsel neither requested a specific charge on the Defendant's failure to testify nor objected to the instructions that were given, the Defendant is now foreclosed from raising this issue on appeal.

M.R.Crim.P., Rule 30(b) states in part:

"No party shall assign as error any portion of the charge or omission there-

from unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

In State v. Boisvert, Me., 236 A.2d 419, 422 (1967) this Court discussed the meaning of M.R.Crim.P., Rule 30(b), saying:

"Counsel here did not state the grounds for his objection and cannot assign it as error. The requirement is not a mere formality. The object of the rule is to insure that the jury is correctly informed as to the applicable law, a purpose benefitting both State and defendant. The rule places responsibility for this upon counsel as well as the Court to the extent that counsel who believes an erroneous instruction to have been given must not only state his objection distinctly * * * but he must also make clear to the Court his reason for believing the Court's language to be erroneous. The purpose for the rule is not simply to preserve the defendant's right to a *new* trial in case of erroneous instruction but also to make possible a correction in the judge's charge so that the jury may be properly instructed at *this* trial."

It is apparent from the record that following the instructions, the then attorney for the Defendant approached the bench and made a statement to the Court which was not audible to the reporter. Following this, the colloquy below took place:

"THE COURT: I did instruct he didn't have to present any evidence, and so forth, but I will instruct that he can take the stand or doesn't have to take the stand. But I think it is very dangerous. It is up to you, but if you insist on it.

[1] "In all criminal trials, the accused shall, at his own request but not otherwise, be a competent witness. He shall not be compelled to testify on cross-examination to facts that would convict or furnish evidence to convict him of any other crime than that for which he is on trial. The fact that he does not testify in his own behalf shall not be taken as evidence of his guilt. The husband or wife of the accused is a competent witness except in regard to marital communications." 15 M.R.S.A. § 1315.

COUNSEL: As long as you think it is covered fully.

THE COURT: I would leave well enough alone, myself.

COUNSEL: Okay."

■ If the Defendant had requested a specific instruction to the effect that his failure to testify should not be taken by the jury as evidence of his guilt the Presiding Justice would have been required to give such an instruction. State v. Landry, 85 Me. 95, 26 A. 998 (1892).

■ Although, as seems likely, the Defendant's trial counsel may have opened his discussion with the Judge by referring to the absence of an instruction on this particular issue, he appeared to be satisfied, on second thought, with the instruction as it was given [2] and left the Presiding Justice with the impression that he desired no further instruction by the Court regarding Defendant's right not to testify. Having failed to object to the omission of which he now complains, as is required by M.R. Crim.P., Rule 30(b), the Defendant is not entitled to claim error here on appeal unless there was "manifest danger of prejudice to the defendant as to entitle him to a new trial". State v. Pullen, Me., 266 A.2d 222, 229 (1970); M.R.Crim.P., Rule 52(b).[3]

■ Rule 52(b) summarizes the case law in this jurisdiction under our former practice which permitted such a review on appeal only for errors which appeared to be seriously prejudicial. Glassman, Maine Practice, 30.3, 30.4, 52.3.

"Such review, however, is not compatible with best practice, and although there be error in an instruction, when no exception is taken, a new trial either on appeal or motion should not be granted unless, * * * 'error in law * * * was highly prejudicial * * * and well calculated to result in injustice,' or 'injustice would otherwise inevitably result,' or 'the instruction was so plainly wrong and the point involved so vital * * * that the verdict must have been based upon a misconception of the law,' or 'When it is apparent from a review of all the record that a party has not had that impartial trial to which under the law he is entitled * * *.'" State v. Smith, 140 Me. 255, 285, 37 A.2d 246, 259 (1944).

Our examination of the record discloses no such manifest error.

Appeal denied.

2. The relevant portion of the Presiding Justice's instructions was as follows:
"You will remember that a Defendant is never to be convicted on mere suspicion or conjecture. The burden is always upon the State to prove guilt beyond a reasonable doubt as I have defined it. The burden never shifts to the Defendant, for the law never imposes upon a Defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence."

3. M.R.Crim.P., Rule 52(b) provides:
"Obvious errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."